IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Carey A. Ker,<br><br>        Plaintiff,<br><br>v.<br><br>Greatwide American Trans-Freight, LLC, et al.<br><br>        Defendants. | Case No.: 2:13-cv-639<br>Judge Michael H. Watson<br><br>**CONSENT PROTECTIVE ORDER** |

    **IT IS HEREBY AGREED**, by and among the undersigned parties to this action and by non-party North American Transportation Consultants, Inc. ("NATC"), through their undersigned respective counsel, and it is hereby ordered, that this Protective Order shall govern the handling of all documents, testimony, and discovery responses, including all copies, excerpts, and summaries thereof (collectively "Material"), produced by NATC, whether under subpoena or voluntarily, either directly or indirectly, during the course of this litigation, either voluntarily or as required by discovery request or deposition subpoena made pursuant to the Federal Rules of Civil Procedure or pursuant to applicable Local Rules (collectively, "Court Rules") as may be in effect.

    1.    Discovery sought in the above-entitled action ("Action") may involve the production or disclosure of trade secrets, confidential research, development or sensitive commercial, or other non-public financial or business information of NATC or of its client(s) for which there is a need for confidentiality. Therefore, pursuant to the consent of the undersigned, the Court hereby Orders the following procedures to be used in this Action for the protection of confidential information produced in discovery or filed with this Court produced by NATC.

    2.    As used in this Consent Order, the term **"Discovery Material"** includes all

information contained in Material, including without limitation documents, computer data and reports, deposition testimony and exhibits, interrogatory answers, responses to requests for admissions and requests for documents, and any other written, recorded, computerized, electronic, transcribed or graphic matter, produced by NATC in this Action pursuant to a discovery request, demand or subpoena issued and served pursuant to the Court Rules during discovery in this Action, and any copies thereof.

3. **"Producing Party"** means NATC. **"Receiving Party"** shall refer to the parties to this Action who receive Discovery Material from the Producing Party, directly or indirectly through another party to the Action.

4. **"Confidential Discovery Material"** means Discovery Material that is designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" pursuant to this Consent Order.

5. The Producing Party, in producing Discovery Material may, in good faith and in the manner set forth below, designate Discovery Material it produces as "Confidential" if it contains or constitutes a trade secret or other confidential research, development, or commercial information, or non-public personal, financial or business information.

6. The Producing Party may, in good faith and in the manner set forth below, designate Discovery Material it produces as "Highly Confidential - Attorneys' Eyes Only." but only with respect to Discovery Material that the Producing Party reasonably and in good faith believes contains information that, if disclosed to another party or person, would create a substantial risk of competitive injury to the Producing Party or its clients, or contains sensitive personal information.

7. To designate Discovery Material as Confidential Discovery Material, the Producing Party shall (i) prominently mark the legend "CONFIDENTIAL" or "HIGHLY

2

CONFIDENTIAL - ATTORNEYS' EYES ONLY" upon the initial page of any document containing Confidential Discovery Material and on the page or pages upon which any Confidential Discovery Material appears. Electronically stored information ("ESI") produced shall be deemed Confidential Discovery Material, and to the extent practical, the media on which ESI is stored (e.g. disks, tapes, flash drives or other computerized or electronic storage media) shall be marked "Confidential" unless otherwise designated by the Producing Party.

8. Any summary, compilation, notes, copy, electronic images or database containing Discovery Material and/or information designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" shall be subject to the terms of this Consent Order to the same extent as the Discovery Material or information from which such summary, compilation, notes, electronic image, or database is made or derived.

9. Use of any portion Discovery Material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" under this Consent Order at a deposition in this action shall only be permitted if the party seeking to make use thereof (a) makes a statement on the record during the deposition that the portion of the transcript relating thereto is Confidential or Highly Confidential – Attorney's Eye's Only" as the case may be and (b) instructs the court reporter and/or videographer to designate such portion in accordance with such designation.

10. If deposition testimony is designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," the court reporter shall affix the appropriate legend on the face of the transcript and shall indicate in a prominent place the specific transcript pages and/or exhibits that have been designated "Confidential."

11. A deponent shall not be permitted to retain copies of Confidential Discovery Material unless the deponent is otherwise entitled to receive and retain copies under the terms of this Consent Order. A deponent's counsel shall not be permitted to retain any copies of

Confidential Discovery Material unless such counsel is otherwise entitled to do so under the terms of this Consent Order. Nothing in this paragraph shall prevent a deponent or a deponent's counsel from having reasonable access to the transcript of the deponent's deposition for purposes of reading and signing the transcript, preparing to testify further in this Action, or for other purposes specially agreed to by the parties. In the event of use of "Highly Confidential – Attorney's Eyes Only" Discovery Material occurs at a deposition, all persons other than those permitted to have access to Discovery Material in accordance with such designation (other than the deponent) must be excluded from that portion of the deposition relating to such Discovery Material.

12. No Confidential Discovery Material shall be filed with the Court, other than with a request for submission under seal in accordance with the Court's applicable rules and procedures. All such filings shall be maintained by the Clerk of the Court separate from the public records in this Action and shall be released only upon further Order of the Court. All Confidential Discovery Material filed under seal shall be available to the Court and to counsel for the parties to this Consent Order for viewing and copying. If the party filing such papers with the Court is the party that designated the subject Material as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," that party may choose to file such papers without the "Confidential" or "Highly Confidential - Attorneys' Eyes Only" legend and thereby avoid the need to treat such papers under this paragraph. If the filing party so elects, it shall be deemed to have waived any confidentiality claim with respect to the Discovery Material contained in the filing.

13. The Producing Party may, within 10 business days of discovering that Confidential Discovery Material was produced without the proper designation, give written notice to the receiving entity or entities that the discovery material is "Confidential" or "Highly

4

Confidential - Attorneys' Eyes Only" and should be treated in accordance with the provisions of this Consent Order. All Receiving Parties shall return to the Producing Party, or destroy, any undesignated copies of such Discovery Material upon receipt of such Discovery Material bearing the appropriate confidentiality designation. Except as otherwise provided in this Paragraph 13 below, the Receiving Party must treat such discovery material as so designated from the date that such notice is received. Disclosure of such discovery material prior to receipt of such notice to persons not authorized to receive "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information shall not be deemed a violation of this Consent Order. However, those persons to whom disclosure was made are to be advised by the party that made the disclosure, that the Discovery Material disclosed is "Confidential" or "Highly Confidential - Attorneys' Eyes Only" and must be treated in accordance with this Consent Order.

14. Within 10 business days' notice that Discovery Material has been designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," any party may object to the designation based upon a good faith belief that the Discovery Material is not entitled to such protection. The objecting party shall informally seek to reach agreement with the Producing Party to withdraw the confidential designation. If the Producing Party and the objecting party are unable to reach an agreement, then the objecting party shall formally state the objection in a motion or application filed with the Court, which may be opposed by the Producing Party or any other party in the Action. Any Discovery Material that has been designated as Confidential Discovery Material shall be treated as properly designated until such time as the Court rules that it should not be so designated.

15. Discovery Material has been designated as "Confidential" may be disclosed only to the following persons and may be used by such persons solely for the purposes of this Action and for no other purposes whatsoever:

5

a. the parties to the Action, including officers, directors, or employees of a party who are responsible for instructing and/or assisting counsel in the prosecution or defense of this Action;

b. in-house or outside counsel for the parties in this Action;

c. employees of such counsel engaged in assisting counsel in the prosecution or defense of this Action, including law clerks, secretaries, paralegal assistants, and office staff;

d. court officials involved in the Action, including court reporters and persons operating video recording equipment at depositions;

e. any person (and such person's counsel) who was an author or recipient of the Confidential Discovery Material in question;

f. any person (and such person's counsel) who is an employee of the Producing Party;

g. independent contractors, outside consultants and experts and their staff consulted or retained by a party (or their counsel) for the purpose of assisting in the prosecution or defense of the Action, provided that such persons shall be given a copy of this Consent Order, shall agree to be bound by it, and shall sign Exhibit A, and further provided that any report created by such expert or consultant relying on or incorporating Confidential Discovery Material in whole or in part shall be designated as "Confidential" by the party responsible for its creation;

h. actual or proposed witnesses in this Action, as designated by counsel to the parties, and other persons whom the parties deem necessary to review the Confidential Discovery Material for the prosecution or defense of this Action, provided that such persons shall be given a copy of this Consent Order, shall agree to be bound by it, and shall sign Exhibit A; and

i. a deponent in this Action who is not otherwise covered by this paragraph, provided that the deponent shall be given a copy of this Consent Order, shall agree to be bound by it, and shall sign Exhibit A. The deponent shall not be permitted to retain copies of Confidential Discovery Material unless the deponent is otherwise entitled to receive and retain such copies under other terms of this Consent Order.

16. Discovery Material designated as "Highly Confidential - Attorneys' Eyes Only" may only be disclosed to those persons described in paragraphs 15(b), 15(c), 15(d), 15(e) and 15(g). Subject to the foregoing limitation, all other terms of this Consent Order related to

Discovery Material designated "Confidential" shall also be applicable to Discovery Material designated "Highly Confidential - Attorneys' Eyes Only."

17. Except as provided for in paragraph 24 of this Consent Order, Confidential Discovery Material in this Action shall not be used for any purpose whatsoever other than in connection with this Action or any appeal therefrom.

18. Nothing herein shall preclude any party from asserting in accordance with applicable law, if applicable, the attorney-client privilege, a claim of work product protection, or any other applicable privilege or protection enforceable under applicable law as to any Discovery Material the production of which is sought by any other party, or to assert, in accordance with applicable law, any defense or objection to the use of such information at trial protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection enforceable under applicable law.

19. Inadvertent production or disclosure of any Discovery Material in this Action as to which the Producing Party claims a privilege, or Discovery Material that a Producing Party claims is governed by the work-product doctrine ("Privileged Material"), will not be deemed to be a waiver of those protections. If the Producing Party believes that Privileged Material was inadvertently produced, the Producing Party shall so notify all parties in writing and state the basis for the claim of privilege or work-product protection. After receiving notice of the inadvertent production, a Receiving Party may either promptly present the information to the Court under seal for a determination of the claim of Privileged Material, or promptly return, sequester or destroy the inadvertently produced Privileged Material and any copies it has. In either case, the Receiving Party may not use or disclose the Privileged Material or information, except in the case where the Court's determination is sought and obtained, the Receiving Party's use and/or disclosure shall be subject to the Court's instruction. If the Receiving Party disclosed

the Privileged Material before being notified of the inadvertent production, it must take reasonable steps to retrieve it. The Producing Party must preserve the contested Privileged Material until any such claim is resolved. Nothing in this paragraph will modify any obligation a party otherwise has with respect to inadvertent production under the law or ethical rules.

20. Producing Confidential Discovery Material as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," or the failure to do so, or the failure to object to any such designation, shall have no evidentiary value whatsoever, either directly or inferentially, for determination of the merits of this Action.

21. Nothing in this Consent Order shall prevent or restrict counsel from rendering legal advice based on examination of Confidential Discovery Material, provided that counsel does not disclose Confidential Discovery Material in violation of this Consent Order.

22. Nothing herein shall prevent any person from seeking, by application to the Court or written agreement of the signatories hereto, further, greater or lesser protection with respect to the use of any "Confidential" or "Highly Confidential — Attorneys' Eyes Only" Discovery Material in connection with the prosecution or defense of this Action. Nothing herein shall be construed to limit in any way the Producing Party's use of its own "Confidential" or "Highly Confidential — Attorneys' Eyes Only" Discovery Material.

23. In the event that additional persons or entities become parties to this Action, any such party and its counsel, experts or consultants retained to assist said counsel shall not have access to Confidential Discovery Material previously produced by or obtained from any other Producing Party pursuant to this Consent Order, until said party has agreed to and executed a confidentiality Consent Order acceptable to the Producing Party and such Order has been entered by the Court.

24. After the termination of this Action, this Consent Order shall continue to be

binding upon the parties hereto, and upon all persons to whom Confidential Discovery Material has been disclosed or communicated, and this Court shall retain jurisdiction over the parties and such persons for enforcement of the provisions hereof. At any time after 60 days following such time as a final judgment is no longer subject to appeal, dismissal or settlement of all parties in this Action, upon request of a Producing Party, all Confidential Discovery Material supplied by the Producing Party and all copies thereof (including, without limitation, copies provided to testifying or consulting experts) shall either be destroyed, or upon request of the Producing Party, returned to the Producing Party at the Producing Party's expense. Within 21 days after destruction or return, the receiving party shall certify in writing its compliance with this paragraph. Notwithstanding the foregoing, (i) the parties shall remain bound by this Consent Order to keep confidential all Confidential Discovery Material and shall not communicate or disclose information about such Confidential Discovery Material to third-parties, except as permitted by this Consent Order, and (ii) each party may retain any privileged documents or work product containing or referring to Confidential Discovery Material, one complete set of Court filings, records of Court proceedings, correspondence among counsel, deposition transcripts and exhibits marked at depositions.

25. In the event any party or person subject to this Consent Order receives a request for any Confidential Discovery Material, then:

    a. In the event the request is in the form of a request served upon a party to this matter in accordance with applicable law, including via a subpoena, court order or other legal process ("Legal Process"), the party or person receiving such request (the "Recipient"), to the extent permitted by law, shall reasonably promptly give notice of the request, including a copy of the request, by facsimile or overnight mail or courier, to counsel for all parties and counsel for the Producing Party. The Recipient shall not make any production until the latest date permissible under the applicable law and shall have no obligation to take any further action to protect the Confidential Discovery Material, including to oppose any motion to compel production or seek a protective order. Any party and the Producing Party may, in each case, at its soled discretion and at its own cost, move to quash the subpoena or other process, or otherwise oppose production of the Confidential

       Discovery Material.

      b. In the event that the request is in the form of a request that is not Legal Process, then the party or person receiving such request will not comply with such request.

26. Nothing in this Consent Order, or in any designation of Discovery Material as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" hereunder, any failure to make such designation, or any failure to object to another party's designation of Confidential Discovery Material shall be (i) used or characterized by any party as an admission or (ii) cause such Discovery Material to be deemed "confidential" or "proprietary" for any purposes other than those governed by this Consent Order, including, without limitation, with respect to any claims or causes of action of the parties in this Action.

27. Nothing in this Consent Order shall be deemed to waive any applicable privilege.

28. This Consent Order shall be without prejudice to the right of any party to oppose disclosure or any document or information for any reason other than confidentiality. This Consent Order may be changed only as may be agreed by the parties in writing, and in any event, as Ordered by the Court, and is without prejudice to the rights of any party to move in good faith for relief from any of its provisions, or to seek or agree to additional protection for particular Discovery Material or information, including but not limited to heightened confidentiality protection.

*[signature page follows]*

**CONSENTED AND AGREED TO BY:**

E.J. Leizerman & Associates, LLC
*Attorneys for Plaintiff Carey Ker*

Brown Moskowitz & Kallen, P.C.
*Attorneys for Non-Party North American Transportation Consultants, Inc.*

By: _____
Michael Jay Leizerman
717 Madison Avenue
Toledo, OH 43604

By: _____
Lora L. Fong
180 River Road
Summit, New Jersey 07901

Scopelitis, Garvin, Light, Hanson & Feary, P.C.
*Attorneys for Defendant Greatwide American Trans-freight, LLC*

By: _____
Eric Habig
10 West Market Street,
Suite 1500
Indianapolis, IN 46204

SO ORDERED, on this 10th day of July, 2015

/s/ Terence P. Kemp

11

**EXHIBIT A**
**DECLARATION AND AGREEMENT TO BE BOUND**
**BY CONFIDENTIALITY CONSENT ORDER**

I have read and understand the Confidentiality Consent Order (the "Consent Order") entered in the matter of:

> Ker v. Greatwide American Trans-freight, LLC
> United States District Court
> Southern District of Ohio
> Case No.: 2:13-cv-639

and agree to be bound by the terms of the Consent Order. I understand that I am obligated to hold in confidence and not to disclose the contents of anything designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" except as permitted by the Consent Order, and I will not use such Discovery Material or information designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" for any purposes other than in connection with this Action. I further understand that failure to abide fully with the terms of the Consent Order may lead to sanctions being imposed by the Court. I hereby consent to the Court's continuing exercise of jurisdiction over me for the purpose of enforcing the Consent Order.

_____
Signature

_____
Name (Printed)

_____
Name of Employer

_____
Job Title

_____
Date